UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY SABOL-KRUTZ,

            Plaintiff,                   Case No. 2:15-cv-13328
                                        Judge Nancy Edmunds
v.                               Magistrate Judge Anthony P. Patti

QUAD ELECTRONICS,
INC.,

            Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S OCTOBER 19, 2016 MOTION FOR PROTECTIVE
ORDER (DE 26)**

Currently before the Court is Defendant's October 19, 2016 motion for
protective order.  (DE 26.)  Judge Edmunds referred this motion to me for hearing
and determination on October 20, 2016.  (DE 27.)  Because the motion contained
time-sensitive issues, I issued a text order on October 21, 2016 setting both an
expedited briefing schedule and a hearing for October 26, 2016.  Plaintiff filed a
response on October 25, 2016.  (DE 30.)   Defendant filed a reply on October 26,
2016.  (DE 31.)   During the course of my hearing, Judge Edmunds issued an
order granting the parties' joint motion to extend deadlines, which resulted in a
December 15, 2016 discovery deadline.  (DE 32.)

On the date set for hearing, attorney Mark Dickow appeared on Plaintiff's behalf, and attorney Peter Camps appeared on behalf of Defendant. Consistent with my findings and reasoning stated on the record, which are hereby incorporated by this order as though restated herein, Defendant's October 19, 2016 motion for protective order (DE 26), as narrowed by the reply brief and the discussion at the hearing, is **GRANTED IN PART** and **DENIED IN PART** as follows:

### A. Whether the Court Should Issue a Protective Order Regarding the Depositions of Witnesses Dan Tomica and Tonya Tarleton.

On October 17, 2016, Plaintiff noticed the depositions of Dan Tomica and Tonya Tarleton, who are each employees of Defendant, for October 20, 2016 (Tomica) and October 21, 2016 (Tarleton). In the motion for protective order, Defendant asked the Court to require those depositions to occur on a later date. Defendant also asked the Court to require Plaintiff's deposition to be concluded before defense witnesses, including Tomica and Tarleton, are deposed.

Plaintiff subsequently agreed to adjourn the October 20 and 21 depositions of Tomica and Tarleton. Thus, Defendant's request for an order requiring those depositions to be rescheduled is **DENIED AS MOOT**.

As discussed at the hearing, no federal or local court rule requires Plaintiff to be deposed first. However, as Plaintiff's deposition has already begun, and in

order to permit defense witnesses to understand the full scope and nature of Plaintiff's numerous causes of action prior to being deposed, the Court concludes that Plaintiff's deposition should be concluded before defense witnesses are deposed—if possible.  Specifically, Plaintiff shall make herself available to resume and conclude her deposition in Michigan on a date to be mutually agreed to by counsel, but in no event later than November 9, 2016 (two weeks from the October 26 hearing).  Tomica and Tarleton shall make themselves available to be deposed on a mutually agreeable date (or dates), but in no event later than November 16, 2016 (three weeks from the October 26 hearing).  Plaintiff's deposition therefore will  conclude before Tomica and Tarleton are deposed, unless Defendant's counsel informs Plaintiff's counsel in good faith that, despite counsel's best efforts, Tomica and/or Tarleton are unavailable to be deposed between the time Plaintiff's deposition concludes and the November 16 deadline for Tomica and Tarleton to be deposed.  In that event, Tomica and/or Tarleton will by necessity be deposed before Plaintiff's deposition concludes.

Although the matter was not specifically addressed in the motion for protective order, Defendant's counsel stipulated at the hearing that in order to help complete discovery efficaciously, he will use his best efforts to make employees of Defendant, specifically Mary Genuine, Michael Ojala and Brian Kadrich, available to be deposed within the next three weeks; however, counsel noted that, due to

their work duties, employees Ojala and Kadrich may need to be deposed within the next four weeks. Accordingly, the Court will require Genuine to be produced for deposition by November 16, 2016 and Ojala and Kadrich to be produced for deposition no later than November 23, 2016.

### B. Whether the Court Should Order Plaintiff to Appear for Her Continued Deposition and Permit Defense Counsel Sufficient Time to Examine Plaintiff's Claims.

Plaintiff was deposed for 5.5 hours[1] on October 7, 2016. Fed. R. Civ. P. 30(b)(1) provides in relevant part that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." The parties agree that Plaintiff's deposition may be resumed, but they do not agree on the maximum length of that to-be-resumed deposition.

Rule 30(d)(1) provides that "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Similarly, the Advisory Committee Note to the 2000 Amendments to Rule 30 provides in relevant part that "[t]he party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Of course, Defendant, as the party seeking a protective

---

[1] The parties had a minor disagreement about precisely how long Plaintiff's October 7 deposition lasted. The Court resolved that dispute by holding that Plaintiff was deposed for 5.5 hours, which is roughly the midpoint between the parties' respective positions.

order, bears the burden to show good cause. *See, e.g., Nix v. Sword*, 11 Fed. App'x

498, 500 (6ᵗʰ Cir. 2001).

When asked by the Court, Defendant's counsel stated he needed an

additional 5.5 hours of deposition time to address fully the various counts in

Plaintiff's Amended Complaint, plus additional time to question Plaintiff regarding

the 75 names on her amended witness list.  (DE 24.)  Plaintiff's counsel asserted in

response that, among other things, many of the questions Defendant's counsel

asked Plaintiff pertained to irrelevant matters.

The Court concludes that Defendant has shown good cause to extend

Plaintiff's deposition past the typical seven hour maximum due to: (1) the

numerous counts contained in Plaintiff's 70 paragraph, seven count Amended

Complaint, some of which involve claims made under California law; (2) the

complexity of the issues; (3) the seven figure damage claim; (4) the mix of alleged

oral and written promises; (5) the number of sales, commission payments and

customers at issue over an 8 year employment period; (6) the exchange of

thousands of pages of discovery; and, (7) Plaintiff's lengthy witness list. (See DE

26 at 12-13.)[2]  Furthermore, for these same reasons, the factors enumerated in Rule

26(b)(1), as applied to this case, likewise warrant a departure from the limitations

---

[2] Though the Amended Complaint purports to have eight counts, the Court notes
that there is no enumerated Count V.  Instead, the Amended Complaint skips from
Count IV to Count VI.  (*See* DE 9 at 9-10).

which would normally be applied to the length of Plaintiff's deposition. The motion for protective order to extend Plaintiff's deposition past the seven hour limit contained in Rule 30(b)(1) thus will be **GRANTED**.  However, the Court concludes that Defendant reasonably needs only an additional five hours of deposition time to address adequately both Plaintiff's Amended Complaint and witness list.  Consequently, Plaintiff may be deposed for a maximum of 10.5 total hours (inclusive of the 5.5 hours of deposition testimony which has already occurred, thus permitting an additional 5 hours).  If Plaintiff withdraws any of the counts in her Amended Complaint on the record before her deposition resumes, the maximum length of the deposition shall be reduced by thirty minutes per each withdrawn count.

The Court finds that it would be unjust to award costs or expenses stemming from the motion as the parties' positions were each justifiable and taken in good faith, a ruling from this Court being necessary to resolve these genuinely disputed issues.

**IT IS SO ORDERED.**


Dated:  October 27, 2016                    s/ Anthony P. Patti
                                            Anthony P. Patti
                                            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 27, 2016, electronically and or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti