UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY SABOL-KRUTZ,

        Plaintiff,                        Case No. 2:15-cv-13328
                                         Judge Nancy Edmunds
v.                                    Magistrate Judge Anthony P. Patti

QUAD ELECTRONICS,
INC.,

        Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL (DE 34) AND GRANTING
DEFENDANT'S MOTION FOR LEAVE TO FILE COUNTERCLAIM (DE
36) AND MOTION FOR LEAVE TO AMEND ANSWER (DE 37)**

Currently before the Court are:  1) Plaintiff's December 15, 2016 motion to

compel (DE 34); 2) Defendant's December 16, 2016 motion for leave to file

counterclaim (DE 36); and 3) Defendant's December 16, 2016 motion for leave to

amend/correct its answer to Plaintiff's Amended Complaint.  (DE 37.)  Judge

Edmunds referred all three motions to me for hearing and determination.  (DE 35,

41.)[1]  On December 19, 2016, I set a hearing on the motion to compel for January

20, 2017 (DE 38); on January 5, 2017, I issued a notice that the motions for leave

to file counterclaim and for leave to amend answer would be heard at the same

---

[1] Judge Edmunds also originally referred Plaintiff's motion for a fourth extension
of time (DE 40) to me (DE 41), but a ruling on that motion has already been
issued.  (DE 50.)

time as the motion to compel.  (DE 46.)  All motions are fully briefed.  (DE 43, 44, 45, 47, 48, 49.)

On the date set for hearing, attorney Mark Dickow appeared on Plaintiff's behalf, and attorneys Heidi Sharp and Peter Camps appeared on behalf of Defendant.  Consistent with my findings and reasoning stated on the record, which are hereby incorporated by this order as though restated herein, it is **ORDERED** as follows.

**A.  Defendant's Motions for Leave to File Counterclaim (DE 36) and for Leave to Amend Answer (DE 37)**

As discussed during the hearing, the Court concludes that the motion for leave to file counterclaim (DE 36) and the motion for leave to amend answer (DE 37) satisfy Fed. R. Civ. P. 13(e) and/or 15(a).  The Court finds that the proposed pleadings are not futile, nor is there undue delay, bad faith or evidence of a dilatory motive by Defendant or a failure to cure any deficiencies by previous amendments. Any undue prejudice to Plaintiff stemming from granting the motions, especially the motion for leave to file counterclaim, is cured by the Court simultaneously extending the discovery deadline, as will be discussed later herein.  Both the motion for leave to file counterclaim (DE 36) and motion for leave to file amended answer (DE 37) are **GRANTED**.

**B. Plaintiff's Motion to Compel (DE 34)**

Plaintiff's counsel withdrew the request to compel Defendant to provide additional answers to Interrogatories 11 and 13.  Plaintiff's motion to compel Defendant to provide additional/supplemental answers to certain Requests for Production of Documents is **GRANTED IN PART and DENIED IN PART** as follows:

- Request 4 is **denied without prejudice**, subject to Plaintiff submitting a more specific request;

- Request 7 is **granted** to the extent that the Defendant shall, by **February 3, 2017**, produce profit and profit margin information with respect to the contracts for which Plaintiff was entitled to have commissions on the "Accounts in Question," as defined in the discovery requests at issue, subject to designation under the existing protective order (DE 20) or a newly agreed upon protective order. That information may be provided to an accountant retained by Plaintiff as a witness or consultant, subject to that accountant agreeing in writing to be bound by the protective order;

- Request 8 is **denied** and the Defendant's objections are sustained;

- Request 9 is **denied** and the Defendant's objections are sustained;

- Request 11 is **denied** and the Defendant's objections are sustained;

- Request 12 is **denied** and the Defendant's objections are sustained, but the Court encourages the parties to confer regarding new, mutually agreeable search terms;

- Request 13 is **denied** and the Defendant's objections are sustained;

- Request 14 is **granted in part and denied in part** such that the Defendant shall, by **February 3, 2017**, produce a customer list from 2008 to 2015, subject to the protective order.

The Court declines to award expenses or fees to either party as neither party obtained complete relief and each presented good faith arguments which necessitated rulings by the Court, and other circumstances of record make an award of expenses or fees unjust.

### C.  Scheduling Order

In light of the foregoing rulings, the Court extends the remaining deadlines as follows.

- Defendant shall provide to Plaintiff supplemental initial disclosures respecting the new counterclaim by **February 7, 2017**.  If Plaintiff submits written discovery requests to Defendant regarding matters pertaining to the newly-filed counterclaim, Defendant shall answer those requests within fourteen days.

- All discovery shall be completed by **April 3, 2017**. Witness lists shall also

    be provided by **April 3, 2017**.

- Dispositive motions shall be filed by **May 1, 2017**.

- The dates for the final pretrial conference and trial, as well as the deadline

    for filing a final pretrial order will be reset, if necessary, by Judge Edmunds.

**IT IS SO ORDERED.**


Dated:  January 23, 2017            s/ Anthony P. Patti
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record
on January 23, 2017, electronically and/or by U.S. Mail

                                    s/Michael Williams
                                    Case Manager for the
                                    Honorable Anthony P. Patti