UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY SABOL-KRUTZ,

        Plaintiff,                Case No. 2:15-cv-13328
                                          District Judge Nancy Edmunds
v.                                        Magistrate Judge Anthony P. Patti

QUAD ELECTRONICS,
INC.,

        Defendant.
_____/

**<u>ORDER DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DE 58) AND ADDRESSING ADDITIONAL DISCOVERY ISSUES</u>**

*<u>COUNSEL MUST READ THE FULL CONTENTS OF THIS ORDER CAREFULLY AND IMMEDIATELY</u>*

**I.    PLAINTIFF'S MOTION**

On March 27, 2017, Plaintiff filed a motion for protective order and to quash subpoenas and the taking of depositions, seeking to prevent the depositions of Oscar Ferrari and Ann Verdick from occurring on March 28, 2017. (DE 58.) I noticed this matter for a telephonic status conference to occur on March 29, 2017, which subsequently became an on the record telephonic hearing, in which Plaintiff's attorney, Mark Dickow, and Defendant's attorneys, Heidi Sharp and Peter Camps appeared remotely. During the status conference, the parties were prepared to argue the motion. For the reasons stated on the record, Plaintiff's

motion is **DENIED**, except with respect to the scope of documents to be produced, as explained below.

Accordingly, the depositions of Oscar Ferrari and Ann Verdick must take place by **April 15, 2017**. Although discovery is set to close on **April 3, 2017**, the Court will allow a brief extension for the limited purpose of completing these depositions, and for the other limited purposes set forth below. These deponents are directed to produce Plaintiff's employment contracts, documents containing her wage information, and documents that reference Defendant or its products, including, but not limited to, DC Power Cable. Deponents need not produce Plaintiff's personnel file, nor is it necessary for them to produce email or correspondence which do not fall within the scope of the preceding sentence. <u>A copy of this order must be served on these deponents or their counsel forthwith</u>.

## II.  ADDITIONAL DISCOVERY ISSUES

Notices for any further depositions, as specifically referenced in this Order, <u>must be served by **March 31, 2017**</u>, as it would not constitute reasonable notice to serve them any closer to the previously established discovery cutoff. Plaintiff informed the Court that he intended to take four additional depositions: (1) Defendant's IME expert; and, the *re-depositions* of (2) Dan Tomica, (3) Mary Jenuwine, and (4) Bryan Kadrich. As Plaintiff's counsel has had the IME report for a significant amount of time and has not yet noticed the deposition of the IME

2

expert, he will be required to abide by the **April 3, 2017** discovery deadline, unless Defendant stipulates to an extension. As to the *re-depositions*, the Court will allow Plaintiff until **April 30, 2017** to complete them. If Defendant is unwilling to produce those deponents, it must file a motion for protective order on or before **April 7, 2017**.

Any *other* motions to compel or motions for protective orders must be filed by **April 15, 2017**. The dispositive motion deadline will be extended to **June 1, 2017**. The deadline for witness lists will not be extended. Discovery is not generally extended, except as specifically addressed in this Order. The dates for the final pretrial conference and trial, as well as the deadline for filing a final pretrial order are unaffected by this Order.

**IT IS SO ORDERED.**


Dated:  March 29, 2017         s/ Anthony P. Patti
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on March 29, 2017, electronically and/or by U.S. Mail.

                               s/Michael Williams
                               Case Manager for the
                               Honorable Anthony P. Patti

3